UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**MAYKEL CASTRO**, an individual,

    Plaintiff,

vs.

                                                    **JURY TRIAL DEMANDED**

**ALL AROUND FIRE PROTECTION, LLC**
a Florida for-profit corporation, and
**MICHAEL POLITI**, an individual,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, MAYKEL CASTRO, sues the Defendants, ALL AROUND FIRE PROTECTION, LLC ("**All Around Fire Protection**") and MICHAEL POLITI, and states as follows:

### INTRODUCTION

1. This is an action to recover monetary damages for unpaid overtime wages and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*

### JURISDICTION

2. This Court has original jurisdiction over the FLSA claims asserted herein pursuant to FLSA, 29 U.S.C. §201 *et seq.*, 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. This Court has Supplemental Jurisdiction over the remaining claim pursuant to 28 U.S.C. § 1367 in that is so related to the claims in the FLSA action within the original jurisdiction that they form part of the case in controversy.

4. At all times pertinent to this Complaint, the Defendant All Around Fire Protection was an "enterprise engaged in interstate commerce," as defined by the FLSA.

5. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendant All Around Fire Protection employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

7. The Plaintiff's work and that of other employees involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in All Around Fire Protection's business, and moved in interstate commerce.

8. During the relevant time period, Defendant All Around Fire Protection had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

9. During the relevant period, the Defendant All Around Fire Protection conducted substantial and continuous business in this judicial district.

## VENUE

10. Venue is proper in this Court because the Plaintiff performed work for Defendants in Broward County, Florida and in Miami-Dade County, Florida, which is within the Southern District of Florida.

11. The Southern District of Florida is the place where the cause of action occurred.

## PARTIES

12. From on or about May 27, 2019 to on or about February 14, 2021, Plaintiff Maykel Castro was employed by the Defendant in the position of a fire sprinkler cable installer servicing customers primarily in Broward County and Miami-Dade County. Thus, the Relevant Time Period (hereinafter **"RTP"**) for Plaintiff Maykel Castro was from on or about May 27, 2019 until on or about February 14, 2021.

13. During the RTP, Plaintiff Maykel Castro resided in Miami-Dade County, Florida.

14. During the RTP, Plaintiff Maykel Castro was as an "employee" of the Defendants within the meaning of the FLSA.

15. The Plaintiff Maykel Castro was employed by the Defendants within the meaning of the FLSA.

16. The Defendant, All Around Fire Protection, was and continues to be a Florida corporation engaged in the transaction of business in Broward County, Florida, with its business address at 4111 SW 7th Avenue, Suite 321, Davie, Florida 33314.

17. During the relevant time periods, the Defendants operated All Around Fire Protection as a fire protection company.

18. During the relevant time periods, Defendant All Around Fire Protection was an "employer" of Plaintiff Maykel Castro within the meaning of the FLSA.

19. During the relevant time periods, Defendant Michael Politi was employed as the Manager for All Around Fire Protection, and was directly or indirectly responsible to the day-to-day management and/or operations of All Around Fire Protection and/or was directly or indirectly responsible for the supervision of Plaintiff.

20.     During the relevant time periods, Defendant Michael Politi was directly or indirectly responsible for decisions affecting employee compensation and/or hours worked by the Plaintiff.

21.     Defendant Michael Politi is personally liable as an employer for the violations alleged herein.

## STATEMENT OF FACTS

22.     Plaintiff Maykel Castro's was employed by Defendants in the position fire sprinkler cable installer.

23.     Defendants failed to pay overtime hours for Plaintiff's hours worked over forty (40) hours per week.

24.     Plaintiff worked five (5) days a week and some weekends and the hours worked were recorded by Plaintiff on hand-written timesheets and Defendants refused to pay Plaintiff his overtime wages thus due.

25.     Defendants deducted 2.5 hours per week for lunch from the hours submitted on the timesheet when, in fact, Plaintiff only took off one half hour for lunch once a week and worked through lunch for the remaining four days of each week.

26.     Defendants are in possession of all timesheets listing the hours that Plaintiff worked and thus the amount of the claim for overtime will be adjusted when those records are produced by Defendants.

27.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28.     Defendants promised to compensate Plaintiff at a rate of $125 per week for the business use of Plaintiff's truck during his employment and then refused to pay the amount due.

29. Defendants promised and undertook to pay all highway tolls related to Plaintiff's travel in the work truck during employment but then paid only the minimum amount required for the online account not to be shut off, leaving Plaintiff at termination of his employment with $3,709 in unpaid tolls.

30. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

31. The Plaintiffs have retained the Law Office of Rose H. Robbins to represent them in this action, and are obligated to pay reasonable attorney's fees, costs and expenses.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)
BY PLAINTIFF MAYKEL CASTRO AGAINST DEFENDANTS ALL AROUND FIRE PROTECTION, LLC AND MICHAEL POLITI

32. Plaintiff Maykel Castro repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

34. During Plaintiff Maykel Castro's employment, he worked hours in excess of forty (40) hours per workweek.

35. Plaintiff Mikel Castro was not compensated at the statutory rate of time and one-half the applicable hourly rate for some of his overtime hours worked in a workweek.

36. Defendants' failure to pay Plaintiff Maykel Castro overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

37. Due to the unlawful acts of the Defendants, Plaintiff Maykel Castro has suffered damages for unpaid overtime wages.

38. As a result of Defendants' disregard of the FLSA, Plaintiff Maykel Castro is entitled to liquidated damages pursuant to the FLSA.

39. As a result of Defendants' willful disregard of the FLSA, Plaintiff Makel Castro is entitled to the three (3) statute of limitations for overtime claims.

40. Plaintiff Maykel Castro is entitled to an award of his reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Makel Castro respectfully requests judgment in his favor:

    a. Defendants violated the overtime wage requirements of FLSA, 29 U.S. C. §207;

    b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked going back three (3) years from the time suit is filed;

    c. awarding an equal amount in liquidated damages;

    d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. awarding post-judgment interest; and

    f. awarding all other and further relief this Court deems to be just and proper.

## COUNT II

### BREACH OF CONTRACT
**BY PLAINTIFF MAYKEL CASTRO AGAINST DEFENDANTS ALL AROUND FIRE PROTECTION, LLC AND MICHAEL POLITI**

41. Plaintiff Maykel Castro repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein

42. At all times material Plaintiff was employed by the Defendants.

43. In the course of performing work for Defendants, Plaintiff incurred certain expenses and Plaintiff and Defendants entered into an agreement for Defendants to pay the following expenses during the Relevant Time Period: (a) all highway tolls totaling $3,709.01; and (b) $125 per week for use of Plaintiff's truck to perform work for Defendants totaling $11,375 ($125 x 91 weeks).

44. Defendants have refused to pay Plaintiff for the amount of money owed despite repeated demands by Plaintiff to Defendants for payment and thus have breached the agreements.

45. As a direct and proximate result of the Defendants' material breach of the agreement, Plaintiff has been damaged. The Plaintiff's damages are: $3,709.01 for tolls and $11,375 for use of Plaintiff's truck during the relevant time period.

**WHEREAS**, as to Count II, the Plaintiff respectfully requests that this Court award him actual damages in the amount of $3,709.01 for unpaid highway tolls plus $11,375 for use of his truck plus pre-judgment and post-judgment interest, and costs, and grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 26, 2021

       Respectfully submitted,

       LAW OFFICE OF ROSE H. ROBBINS
       2255 Glades Road, Suite 324A
       Boca Raton, FL 33431
       Phone: (954) 946-8130
       Fax: (954) 301-2200
       rhrlawoffice@icloud.com
       *Attorney for Plaintiff*

       By: <u>s/Rose H. Robbins, Esq.</u>
           ROSE H. ROBBINS
           FBN: 0694568